<div style="text-align:right">ALBANY,<br>August, 1816.</div>

<div style="text-align:right">SWIFT<br>v.<br>HOPKINS.</div>

<div style="text-align:center">Judgment reversed.</div>

---

## SWIFT against HOPKINS.

IN ERROR, on *certiorari* to a justice's court.

*Hopkins*, the defendant in error, brought an action against *Swift*, the plaintiff in error, in the court below, for services performed, money paid, &c., and it was proved, at the trial, that the plaintiff below, being paymaster of a regiment of militia, in the town of *Paris*, and being at *Albany*, on the subject of pay due to the militia, was employed by the defendant to go to certain persons in *Madison* and *Oneida* counties, to procure certain certificates, relating to the payment of the militia, and to bring them to *Albany*, which was done by the plaintiff. It did not appear what was the defendant's office, or whether he had any, when he so employed the plaintiff, but after obtaining the certificates, he was at *Paris*, and there paid the militia. The defendant admitted that he had employed the plaintiff to do the service, which he had performed to his satisfaction; and on being asked by the plaintiff why he did not pay him, he replied, that he could not make it a charge against the government. Judgment was given for the plaintiff below, the defendant in error.

<div style="float:right;width:25%;font-size:smaller">Where it does not appear that an agent, in making a contract, acted expressly, or ostensibly, as a public agent, it will be deemed a private contract.</div>

*Per Curiam.* Unless the contractor shows distinctly that, in making the contract, he expressly, or *ostensibly*, acted as a public agent, it must be deemed a private contract. The return does not show that *Swift* assumed to act in an official capacity when he made this contract: and the reason assigned by him for refusing to pay, was, that he could not make a charge of it against the government, is decisive to show that it was a private contract.

<div style="text-align:right">Judgment affirmed.</div>