## JOHN D. MOORE v. MAGEE & WARE.

1. PRINTERS' FEES FOR LEGAL ADVERTISING.—The person who, as sheriff and tax collector, advertises the sales of delinquent lands for taxes, is individually liable to action for the legal fees of the printer for such advertisements, if. such person remain in office long enough to sell the lands so advertised, or, in default of sales, to strike them off to the state, as required by law. And if such person go out of office after ordering the advertisements and before the day of sale, and be succeeded by another, the action lies against the latter.

2. SAME.—The officer making such sales is, under the statute, a trustee to collect the money " and costs for the persons entitled thereto."

ERROR to the circuit court of Lincoln county. SMI-LEY, J.

The facts sufficiently appear in the opinion of the court.

*Chrisman & Thompson,* for plaintiff in error.

The only questions in this case are, whether a public officer is personally responsible for contracts made in his official capacity, without an obligation to bind himself; and, secondly, does not the statute provide that the collector shall pay the printer's fee for such an advertisement as this suit is based upon? To answer the first in the negative, or the second in the affirmative, is to give us a judgment.

Mr. Story, in his work on Agency, lays down the rule : " In the ordinary course of things, an agent contracting in behalf of the government, or of the public, is not personally bound by such a contract, even though he would be by the terms of the contract if it was an agency of a private nature. The reason of the distinction is, that it is not to be presumed either that the public agent means to bind himself personally, or that the party dealing with him in his public character means to rely upon his individual responsibility." Story on Agency, §§ 302–307; 1 Mass. 208; 9 ib. 490; 12 John. 444; 6 Mass. 253; 8 Cow. 191; 12 Wend. 17; 3 Dall. 384; 15 Johns. 1; 1 Cow. 513; 17 Johns. 46.

Our own high court of errors and appeals (10 S. & M. 398), in the case of Copes v. Matthews is a direct authority. It is there said by Mr. Justice Clayton, after laying down the general rule evinced by authorities cited, that, " to create a personal liability, the proof ought to be clear and full " that the intention of the parties was to create and rely upon a personal responsibility on the part of the public agent.

There can be no doubt but that Moore did not mean

to obligate himself.  Magee, with whom the contract
was made, knew the official capacity of Moore, as he
was bound by law to know, and to which he testifies.
He further testifies that Moore did not say he would be
personally responsible.    See 2 Kent. Com. 632, 633.

.. Revised Code of 1857, art. 37, p. 80, provides that
the printer's fee shall be paid by the collector of taxes,
and the collector is made responsible therefor.    The
testimony shows that Moore was not the collector; did
not collect any of the taxes.

*Cassedy & McNair,* for defendant in error.

Magee & Ware instituted suit against Moore, before
a justice of the peace, to recover on an account for ad-
vertising the sale of lands for taxes.    In that court
judgment was given in favor of Moore, when Magee
& Ware appealed to the circuit court where judg-
ment on the verdict of a jury was given in their favor.
Whereupon Ware moved the court for a new trial,
alleging as cause, that the finding of the jury was con-
trary to law and evidence ; that the court erred in
refusing instructions, and that the verdict was exces-
sive in not allowing a credit of $20, which was admit-
ted to have been paid.    On Magee & Ware remitting
this amount, the court overruled the motion.    The bill
of exceptions fails to show that any exception was taken
to the ruling of the court in refusing the instructions
asked.    The only exception taken was the judgment
overruling the motion for a new trial.    The record also
discloses the fact, that the instructions asked and
refused were not read to the jury, nor taken with them
in their retirement.

So the case is presented in this court on the propriety
of the finding of the jury on the evidence submitted
as contained in the bill of exceptions.    Unless it was
clearly and manifestly wrong, this court will not dis-
turb the verdict.    Moore ordered the printing done,

without saying anything further indicating an intention to bind himself. True, he was also sheriff and tax collector at the time, but is this fact to limit or qualify his liability, and if so, how? Notwithstanding he was tax collector, he was also an adult and capable of making any contract not prohibited by law. The plaintiffs, who received the order and did the work, treated with him, not as collector, but as Moore, the man. They looked to him, individually, for payment, as the testimony shows. Moore said nothing and did nothing, so far as the testimony shows, to lead to the belief that he was contracting as a tax collector. Nor, to this time, has he said anything to show that the contract was otherwise than as understood by the printers at the time. Ordinarily, when work is ordered and, in pursuance of such order, is done, the person so ordering is liable for whatever it is reasonably worth. It is not necessary for him to say, neither is it for the workman, that the person ordering holds himself personally liable, for the law in such cases fixes his liability. He cannot avoid responsibility by remitting the employee to some one else not disclosed at the time the contract was made, much less can he do so after the contract is fully executed. An agent, who contracts without disclosing his principal, is liable individually if credit is given to him. It is of no avail for him to say that he ceased to be collector before the land advertised was sold. This had nothing to do with the contract. It was not a condition of the contract that he should pay if he continued in office until he sold the land, but he simply and unconditionally ordered the work done, and thereby impliedly promised to pay for it when done. The jury was warranted, and, in fact, could not have found otherwise from the testimony, in finding that such was the nature of the contract and fixed Moore's liability.

It is equally futile for Moore to appeal to that feature of the revenue law which authorizes the collector of taxes to collect a certain fee for the use of the printer, for the contract of Magee & Ware was with Moore, without reference to the *modus operandi* of raising the fund to meet the liability. It was utterly immaterial to them by what means he raised the fund to pay their debt, so it should be paid. The printer or publisher there referred to was not Magee & Ware, for they contracted with Moore without regard to the contingency of his collecting anything from the taxpayers to meet the payment.

If Moore had shown that Magee & Ware agreed to look to this source for their pay, and to this source only, then his removal before the sale might have availed, but such was not the contract. It cannot, therefore, be said that the payment was contemplated through the machinery of this law, and in no other way, and if through it a fund is not realized, the debt must go unpaid. Putting the case on this statute in the strongest attitude for the defense, would be to say that Magee is presumed to have made the contract in view of this mode of payment, and if, therefore, no collection was made, his remedy is gone, nothing having been collected for his use. There might be some plausibility in indulging in such a presumption (for it could be nothing more) in the absence of any testimony other than that the printing being done, and had not been paid for; but how utterly worthless is such a theory, when Magee, in his testimony, says that he looked only to Moore for pay, doubtless, just as he looked to any other person who engaged him to do a job. If Moore is not liable, who is? Certainly neither the state nor county. Moore was no agent for the government in respect to this advertising, and the principle contended for is not applicable to such a case.

SIMRALL, J.:

The general rule is, that an agent or officer, who contracts on behalf of the public or the government, incurs no personal responsibility. Story on Agency, §§ 304–306. If, in a particular instance, it be claimed that the intention was to create a personal liability, the proof ought to be clear and full that such personal assumption was contemplated. Copes v. Mathews, 10 S. & M. 401. If the other party does not know that the agent or officer is acting for the public, it may be inferred that the credit was given personally. Swift v. Hopkins, 13 Johns. 313.

Moore, the defendant, applied to Magee & Ware, the proprietors and publishers of a newspaper, to advertise the sale of the delinquent lands for taxes. It was well known to them that Moore was at that time sheriff and tax collector of Lawrence county.

Moore, in this behalf, was acting in accordance with the Code of 1857, art. 37, p. 80. It was made his duty to advertise delinquent lands for sale. If individuals would not bid the amount of taxes, the lands were directed to be struck off to the state as purchaser. The statute is, "15 cents for each legal subdivision of land advertised shall be allowed the publisher, which fees shall be charged in the bill of costs and collected by him (sheriff) in the bill of costs, for the use of the persons entitled."

If the lands are bid off by an individual, he must pay the taxes and costs, including the fees for advertising; if no individual will bid that much, then the state becomes the purchaser, pays or credits the tax collector the advertisement fees and other expenses incident to the sale; who, in the language of the act, thus "collects the same for the use of the persons entitled thereto."

If the law be pursued by the tax collector, the sale

must realize enough to satisfy taxes and all expenses of sale.

The account exhibited in evidence charges the rates fixed by law. It was well known to the plaintiffs that Moore was sheriff, and that the advertising was for business incident to his office as sheriff and tax collector. Before these sales were made, Moore was removed from office (in 1871) and one Waddell was appointed his successor, whose duty was to complete what was unfinished by Moore in respect to the collection of taxes. The statute charges the costs of sale upon the delinquent lands, and out of the sale directs the sheriff to collect them and pay them over to the publisher of the newspaper. We think that the sheriff who is in office at the time of the sale, and who collects the fees, is charged by the statute with the responsibility of paying them over to the persons entitled ; and being under that legal duty, the law raises an *assumpsit* against him. The statute indicates the source from which the sheriff receives the money, and authorizes him to collect it for the benefit of those entitled. When, therefore, a sheriff advertises lands, the publishers will be esteemed as looking to the incumbent of office at the times the sales and collections are made as the person liable to him. He is the officer or trustee under the statute to receive the money and pay it over. Moore, who had been removed, had no further authority ; but Waddell, who came in as his successor, and made the sales and realized the money, was liable to the plaintiffs.

Magee says in his testimony that "he looked to Moore individually, but that Moore said nothing in regard to binding himself individually."

In our estimation, the case is peculiar, determinable by a fair and reasonable interpretation of the statute, not falling precisely within the principle of agents contracting on behalf of the government or public; nor, again, is

it controlled by the rule applicable to agent and principal as between private persons. The sheriff and tax collector has several duties in the exigencies of this business —to enforce taxes by sales of land—he may advertise, and then vacate the office by death, or removal (as in this case). If so, his successor takes up the business at the point where the predecessor left it, and carries it on to completion by sale. He is charged with all the liabilities and duties in respect to the sale and the funds arising from it, as was the predecessor, if he had completed it. It follows, therefore, that Waddell was charged by law with the duty of collecting and paying the plaintiffs' charges for advertising, and the suit should have been against him and not against Moore.

It is not proved that Moore assumed, or intended to assume, any greater repsonsibility than the statute put upon him. It is not shown that Magee informed him that he "looked to him individually." If the plaintiffs intended to bind Moore personally, beyond the scope of his liability under the statute, he ought to have been advised of it. Moore not having made the sales and received the money for account of the plaintiffs, is not responsible.

We cannot notice the instructions which were refused to be given the defendant's prayer, because no exception was taken.

Judgment reversed, and cause remanded, and *venire facias de novo* awarded.